O P I N I O N
Respondent-appellant Sherry Runyon ("mother") appeals the February 13, 2001 Judgment Entry entered by the Licking County Court of Common Pleas, Juvenile Division, granting permanent custody of her minor children, Ellie Natasha Rochelle and Arlo, to petitioner-appellee Licking County Department of Jobs and Family Services ("LCDJFS"), and finding it was in the best interest of the children to do so.
 STATEMENT OF THE FACTS AND CASE
LCDJFS filed two Complaints in the Licking County Court of Common Pleas, Juvenile Division, alleging Ellie Natasha Rochelle Runyon ("Natasha"), DOB 9/19/84, and Arlo Runyon, DOB 2/1/90, were dependent children.[1] The complaint was filed after a number of drug dealers entered mother's home while Arlo was present, and assaulted mother and Arlo. Natasha had ran away from home earlier that evening, after having a fight with mother. The children were placed in the emergency shelter care custody of LCDJFS. A case plan was filed on January 5, 2000.
At a hearing conducted before the magistrate, mother entered a plea of admission to the allegation of dependency as set forth in the Complaint. At a semi-annual review hearing, the trial court found the children's placement in foster care should continue, noting "parental reunification is not likely with mother." May 23, 2000 Dispositional Hearing Certification for Annual and Semi-Annual Review. On October 27, 2000, LCDJFS filed a Motion for Permanent Custody. The trial court conducted a hearing on the motion. Mother was incarcerated at the time on a charge of trafficking in crack cocaine, in violation of R.C. 2925.03.
The guardian ad litem for the children filed a written report. The guardian found mother had "failed to substantially remedy the conditions causing the [children] to be placed outside of her home." Specifically, the guardian found mother is unable to maintain parental duties, and to provide an adequate permanent home for the children at the present time or within a one year period as a result of her chemical dependency. Mother has demonstrated a lack of commitment toward the children, has placed the children at substantial risk of harm due to her drug abuse, has abandoned the children, and has allowed the children to suffer neglect of such a nature as to threaten the children's safety. The guardian concluded mother would be unable to parent the children for a significant and substantial period of time even if she began drug treatment.
The magistrate recommended permanent custody be granted to LCDJFS. Via Judgment Entry filed February 13, 2001, the trial court approved and adopted the decision of the magistrate, thereby, terminating mother's parental rights and granting permanent custody of the children to LCDJFS.
It is from this entry mother appeals, raising as her sole assignment of error:
 THE TRIAL COURT ERRED IN ADOPTING THE MAGISTRATE'S DECISION GRANTING PERMANENT CUSTODY TO THE LICKING COUNTY CHILDREN'S SERVICES BECAUSE THE DECISION WAS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE THAT THE CHILD COULD NOT BE PLACED WITH A PARENT WITHIN A REASONABLE PERIOD OF TIME.
Any other facts relative to our discussion of mother's assignment of error shall be contained therein.
This case comes to us on the accelerated calender. App. R. 11.1, which governs accelerated calender cases, provides, in pertinent part:
(E) Determination and judgment on appeal.
 The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
The decision may be by judgment entry in which case it will not be published in any form.
This appeal shall be considered in accordance with the aforementioned rule.
 I
Herein, mother contends the trial court erred in granting permanent custody of the children to LCDJFS, and terminating her parental rights. Specifically, mother asserts the decision of the trial court that the children could not be placed with her within a reasonable period of time was not supported by clear and convincing evidence.
We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. (1978), 54 Ohio St.2d 279.
The relevant statute is R.C. 2151.414. It provides, in part: (B) The court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 (1) The child is not abandoned or orphaned and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents; * * *
In determining the best interest of a child, R.C. 2151.414(D) states:
 (D) * * * the court shall consider all relevant factors, including, but not limited to, the following:
 (1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
 (2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
(3) The custodial history of the child * * *;
 (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency.
However, a best interest determination, standing alone, is not sufficient to grant permanent custody of a child to an agency and divest parents of their parental rights. R.C. 2151.414(E) states:
 In determining at a hearing held pursuant to division (A) of this section . . . whether a child cannot be placed with either of his parents within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines * * * that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with the parent:
 (1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.
* * *
 (2) Chronic mental illness, chronic emotional illness, mental retardation, physical disability, or chemical dependency of the parent that is so severe that it makes the parent unable to provide an adequate permanent home for the child at the present time and, as anticipated, within one year after the court holds the hearing pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code;
* * *
 (4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child;
* * *
 (12) The parent is incarcerated at the time of the filing of the motion for permanent custody or the dispositional hearing of the child and will not be available to care for the child for at least eighteen months after the filing of the motion for permanent custody or the dispositional hearing.
* * *
(16) Any other factor the court considers relevant.
We find the trial court's finding it was in Natasha's and Arlo's best interests to grant permanent custody to LCDJFS was not against the manifest weight of the evidence. Our review of the record reveals the following.
Mother has an extensive history of drug abuse, most notably cocaine. At the time of the permanent custody hearing, mother was incarcerated in the Licking County Justice Center, and had been since December 5, 2000. Subsequent to LCDJFS's filing the initial complaints, mother was convicted and sentenced on one count of trafficking in cocaine. Mother was incarcerated on that charge between February 19, 2000, and early March, 2000. She was released on her own recognizance, but her bond was revoked for noncompliance with conditions and a warrant was issued for arrest. Mother was arrested on this warrant on December 5, 2000.
Mother has been diagnosed with tuberculosis and tested positive for hepatitis B and C. These medical conditions are exacerbated by her substance abuse. Mother claims she cannot be treated for her conditions due to the interaction of the prescribed medications and the competing illnesses. Mother acknowledges a lengthy history of substance abuse. Despite this and the fact her case plan required her to address the problem, mother did not seek treatment until her most recent incarceration.
During the pendency of the matter, mother remained unemployed and failed to provide suitable and stable housing for the children. In addition to mother's inability to provide the children with their basic needs, mother placed the children in situations which threatened their physical safety. In fact, the incident causing the November, 1999 removal of the children from her home resulted from mother and Arlo being assaulted by a group of drug dealers.
The record further reveals the children, while in foster care, have made significant improvements in their behavior and school performances. The children are involved in after school activities and in their church youth group. Both children are bonded with the foster family and expressed a desire to remain in their current placement. Neither child desired to have any contact with mother.
In light of this evidence and the entire record in this matter, we find the trial court's determination the children could not be placed with mother within a reasonable period of time was not against the manifest weight of the evidence.
Mother's sole assignment of error is overruled.
The judgment of the Licking County Court of Common Pleas, Juvenile Division, is affirmed.
 ________________________ Hoffman, J
By: Edwards, P.J. and Gwin, J. concur.
[1] The children's fathers are not parties to this appeal.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas, Juvenile Division, is affirmed. Costs assessed to appellant.